## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

In re Application of       )
                       )
XP Investimentos CCTVM S.A.,   )
                       )
          Applicant,    )     C.A. No. 1:25-cv-00923-UNA
                       )
Pursuant to 28 U.S.C. § 1782 for Judicial  )
Assistance in Obtaining Evidence for Use in  )
Foreign Criminal Proceedings Pending in the  )
Federative Republic of Brazil.  )
                       )

---

**MEMORANDUM OF LAW IN SUPPORT OF XP INVESTIMENTOS CCTVM S.A.'S *EX PARTE* PETITION FOR JUDICIAL ASSISTANCE IN AID OF FOREIGN CRIMINAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782**

OF COUNSEL:
(*pro hac vice* forthcoming)

Edward M. Mullins (FL Bar No. 863920)
Felipe Berer (D.C. Bar No. 492352)
Reed Smith LLP
200 South Biscayne Blvd, Suite 2600
Miami, FL 33131
(786) 747-0200
Email: emullins@reedsmith.com
Email: fberer@reedsmith.com

**REED SMITH LLP**

Justin M. Forcier (No. 6155)
1201 N. Market Street, Suite 1500
Wilmington, DE 19801
(302) 778-7500
Email: jforcier@reedsmith.com

*Counsel for Applicant XP Investimentos CCTVM S.A.*

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................. 1

FACTUAL BACKGROUND .............................................................................................. 1

JURISDICTION AND VENUE ......................................................................................... 4

ARGUMENT ...................................................................................................................... 4

I.  Standard for Granting Section 1782 Petitions ......................................................... 4

II.  The Petition Meets the Section 1782 Statutory Requirements for Relief ............... 6

    A.  The Discovery Target is Found in This District ........................................... 6

    B.  The Discovery Sought is Testimonial and Documentary ............................. 7

    C.  The Discovery is Being Sought by an "Interested Person" ......................... 7

    D.  The Discovery Sought is for use in the Brazilian Criminal Proceedings ..... 9

III.  The Petition Meets the Section 1782 Discretionary Factors for Relief ................ 11

    A.  The Discovery Target is not a Participant in the Foreign Proceedings ...... 11

    B.  Brazilian Authorities are Receptive to Judicial Assistance ....................... 12

    C.  This Petition Does Not Attempt to Circumvent Foreign Restrictions ....... 14

    D.  The Discovery Requests are not Unduly Intrusive or Burdensome .......... 15

IV.  This Petition Should be Granted *Ex Parte* ........................................................ 16

CONCLUSION ................................................................................................................. 17

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*In Re Application of Bayer AG*,
   146 F.3d 188 (3d Cir. 1998) ........................................................................................5, 9, 13

*In Re Ex Parte Application of Eni S.p.A.*,
   2021 U.S. Dist. LEXIS 52304 (D. Del. Mar. 19, 2021)................................................... *passim*

*In Re Application of O'Keeffe*,
   646 F. App'x 263 (3d Cir. 2016) .................................................................... 6, 13, 17

*In re Associacão*
*dos Profissionais dos Correios*, 2024 U.S. Dist. LEXIS 174066
   (S.D.N.Y. Sep. 25, 2024) .............................................................................................. 10

*Bayer AG v. Betachem, Inc.*,
   173 F.3d 188 (3d Cir. 1999) ....................................................................................5, 13

*In Re Biomet Orthopaedics Switz. GmBh*,
   742 F. App'x 690 (3d Cir. 2018)...............................................................................5, 16

*In Re Chevron Corp.*,
   633 F.3d 153 (3d Cir. 2011) ....................................................................................... *passim*

*In re De Leon*,
   2020 U.S. Dist. LEXIS 13240 (S.D. Ohio Jan. 27, 2020) ........................................ 10

*In Re Gilead Pharmasset LLC*,
   2015 U.S. Dist. LEXIS 48720 (D. Del. Apr. 14, 2015)........................................7, 13

*In re Glob. Energy Horizons Corp.*,
   647 F. App'x 83 (3d Cir. 2016)................................................................................... 16

*In re Ex Parte in re SPS I Fundo de Investimento de Ações*,
   2022 U.S. Dist. LEXIS 198448 (D. Del. Nov. 1, 2022) ............................................. 8

*In re in re Meydan Grp. LLC*,
   2015 U.S. Dist. LEXIS 66883 (D.N.J. May 21, 2015) .............................................. 10

*Intel Corp. v. Advanced Micro Devices, Inc.*,
   542 U.S. 241 (2004) ................................................................................................. *passim*

*In Re Liverpool Ltd. P'ship*,
   2021 U.S. Dist. LEXIS 161565 (D. Del. Aug. 26, 2021) ............................................ 7

*In re Ltda.*,
   2024 U.S. Dist. LEXIS 26218 (S.D.N.Y. Feb. 14, 2024)....................................10, 14

*In re Martinez,*
 2024 U.S. Dist. LEXIS 239717 (S.D.N.Y. Nov. 1, 2024) ..................................................... 10

*In Re Mota,*
 2020 U.S. Dist. LEXIS 3261 (D. Del. Jan. 8, 2020) ..................................................... 5, 6, 17

*In re Petronas Azerbaijan,*
 2025 U.S. Dist. LEXIS 126892 (D. Del. July 3, 2025) ..................................................... 9

*In re Res. Int'l Holdings CV,*
 2025 U.S. Dist. LEXIS 89278 (S.D.N.Y. May 9, 2025) ..................................................... 8, 14

*In re Société d'Etude de Réalisation et d'Exploitation Pour Le Traitement du
 Mais,*
 2013 U.S. Dist. LEXIS 167219 (E.D. Pa. Nov. 22, 2013) ..................................................... 8, 9

*In Re Storag Etzel GmbH,*
 613 F. Supp. 3d 813 (D. Del. 2020) ..................................................... 6

*Via Vadis Controlling GmbH v. Skype, Inc.,*
 2013 U.S. Dist. LEXIS 23434 (D. Del. Feb. 21, 2013) ..................................................... 7, 13

*XP Inc. et al. v. Grizzly Research LLC et al.,*
 no. 1:25-cv-05564 (S.D.N.Y.) ..................................................... 3

**Statutes**

28 U.S.C. § 1782 ..................................................... *passim*

**Rules**

Fed. R. Civ. P. 26(b)(1) ..................................................... 16

## INTRODUCTION

Applicant, XP Investimentos CCTVM S.A. ("XP Investimentos"), respectfully submits this Memorandum of Law in support of its *Ex Parte* Petition for Judicial Assistance in Aid of Foreign Criminal Proceedings Pursuant to 28 U.S.C. § 1782 (the "Petition") and requests the issuance of an order permitting XP Investimentos to obtain documentary and testimonial discovery from Grizzly Research LLC (the "Discovery Target"), a Delaware limited liability company, for use in pending criminal proceedings in Brazil.

In support of this Petition, XP Investimentos states as follows:

## FACTUAL BACKGROUND

The facts relevant to this Petition are set forth below and in the accompanying Declaration of XP Investimentos' local Brazilian attorney, Rodrigo Falk Fragoso, attached hereto as **Exhibit A** (the "Fragoso Dec."). The facts stated in the Fragoso Dec. are fully incorporated herein by reference and provide a more detailed background than the summary that follows below.

XP Investimentos is a prominent Brazilian financial services firm that operates as a broker-dealer and forms a core part of the XP Inc. corporate group. Fragoso Dec. ¶ 9. Incorporated pursuant to the laws of Brazil, with its principal executive office located in the city of São Paulo, Brazil, XP Investimentos provides a wide array of financial products and services to retail and institutional clients, including fixed income instruments, equities, investment funds, private pension plans, and wealth management. XP Investimentos maintains operations in various international markets and plays a central role in the execution and distribution of the XP Inc. corporate group's investment offerings. *Id.*

XP Investimentos' parent company is XP Inc. Fragoso Dec. ¶ 10. XP Inc. is incorporated pursuant to the laws of the Cayman Islands, and its shares are publicly traded on the Nasdaq Stock Exchange. *Id.*

The Discovery Target is a Delaware limited liability company that researches and publishes reports on various companies.  Its CEO and sole member is Siegfried G. Eggert ("Mr. Eggert").  Fragoso Dec. ¶ 4.

On or around March 12, 2025, the Discovery Target published a report (the "Report") in which it claimed that XP Inc. was engaged in a "Madoff-like Ponzi scheme."  Fragoso Dec. ¶ 4.  The Report, believed to be under the authorship of Mr. Eggert but certainly under his direction, leveled serious and baseless allegations against XP Inc.  *Id.* at ¶¶ 11–12.  The Report specifically targeted two proprietary funds managed by XP Inc.: Gladius and Coliseu.  The Report claimed that the funds were not the product of legitimate trading or market-making activities.  *Id.* at ¶ 12.  Rather, the Report alleged the funds' performance was artificially sustained by a continuous influx of capital derived from the sale of complex financial instruments, known as "COEs," which the Report falsely characterized as "predatory investment products."  *Id.* at ¶¶ 12–13.  The Report further alleged that XP Inc. deliberately concealed the true nature of its business model and engaged in predatory sales practices with respect to COEs.  *Id.* at ¶¶ 14–15.  The Report concluded with a warning that XP Inc.'s financial stability was at significant risk and called for heightened scrutiny from regulators and investors, urging them to investigate XP Inc.'s activities and to demand greater transparency and accountability from the company.  *Id.* at ¶ 16.

The allegations leveled in the Report were demonstrably false.  Fragoso Dec. ¶¶ 19–21.  The Report nevertheless was disseminated widely through the media and had immediate and substantial repercussions for both XP Inc. and XP Investimentos, including a sharp decline in XP Inc.'s stock price, substantial investment withdrawals at XP Investimentos, and significant reputational harm.  *Id.* at ¶¶ 17–18.

What's more, on or around March 12, 2025—the same day the Discovery Target published

the Report—the Discovery Target announced on X, formerly known as Twitter, that it was "short XP Inc.," thus suggesting that the Report was crafted and timed to depress XP Inc.'s stock price to the benefit of the Discovery Target and Mr. Eggert.  Fragoso Dec. ¶ 22.

Following publication of the Report, XP Investimentos engaged the São Paulo office of *Fragoso Advogados* to formally request to the Attorney General of the State of São Paulo, Brazil, of the Federal Public Prosecutor's Office (the "MPF"), on the basis of Art. 5, II, of the Brazilian Code of Criminal Procedure (the "Criminal Complaint"), to initiate criminal proceedings (the "Brazilian Criminal Proceedings") to investigate whether the publication of the Report constituted the crimes of dissemination of false information about a financial institution and market manipulation.  Fragoso Dec. ¶¶ 5, 23–24.  *Fragoso Advogados* submitted the Criminal Complaint to the MPF on or around March 17, 2025.  *Id.* at ¶ 5.

On or around April 23, 2025, Mr. Alberto Queiroz Navarro, the Federal Police Chief, in the Precinct for the Repression of Corruption and Financial Crimes, resolved to initiate the Brazilian Criminal Proceedings against Mr. Eggert in response to the Criminal Complaint.  The Brazilian Criminal Proceedings were assigned IPL number 2025.0040244.  Fragoso Dec. ¶¶ 6, 26. The Brazilian Criminal Proceedings remain ongoing, and the Fragoso Dec. outlines the procedural stance of the Brazilian Criminal Proceedings and the steps that Brazilian authorities have thus far taken in connection therewith.  *Id.* at ¶¶ 27–29.[1]

XP Investimentos intends to use the requested discovery in the Brazilian Criminal Proceedings to obtain all documents and testimonial evidence necessary to support XP Investimentos' claims in the Brazilian Criminal Proceedings against Mr. Eggert.  Fragoso Dec. ¶¶

---

[1] Separately, on July 7, 2025, XP Inc. and XP Investimentos filed suit against the Discovery Target and Mr. Eggert in the Southern District of New York for defamation, trade libel, and tortious interference with business relations (*XP Inc. et al. v. Grizzly Research LLC et al.,* no. 1:25-cv-05564 (S.D.N.Y.)).

8, 34.  XP Investimentos proposes to serve the Discovery Target with a subpoena in a form substantially similar to that attached hereto as **Exhibit B**.  *Id.* at ¶ 37.  As reflected in the proposed subpoena, the document requests and topics of examination for deposition are narrowly tailored to focus on gathering key information relevant and related to the prosecution of the Brazilian Criminal Proceedings.  *Id.* at ¶ 48.

**JURISDICTION AND VENUE**

This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1782 ("Section 1782") as this is an application for discovery made by a party that is a complainant in the Brazilian Criminal Proceedings, seeking the production of documents and testimony to be used in furtherance of the same.

Grizzly Research LLC is located within this jurisdiction at 800 North State Street, Suite 304, Dover, Delaware 19901.

Venue in this district is appropriate because the Discovery Target is found in this District.

**ARGUMENT**

As detailed below, XP Investimentos meets the statutory requirements of Section 1782, as well as the discretionary factors discussed in the relevant case law.  XP Investimentos thus respectfully requests that this Petition for discovery be granted forthwith.

**I.    Standard for Granting Section 1782 Petitions**

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals."  *Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241, 247 (2004).  "Congress substantially broadened the scope of assistance federal courts could provide for foreign proceedings" pursuant to Section 1782 to include "documentary and other tangible evidence as well as testimony."  *Id*. at 247–48.

To that end, the Third Circuit has recognized the liberal policy in favor of granting petitions

- 4 -

for judicial assistance under Section 1782. *See, e.g., Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999) ("Congress enacted section 1782 to further the following goals: 'facilitating the conduct of litigation in foreign tribunals, improving international cooperation in litigation, and putting the United States into the leadership position among world nations.'") (internal citations omitted); *In Re Mota*, 2020 U.S. Dist. LEXIS 3261, at *1–2 (D. Del. Jan. 8, 2020) ("The twin aims of that statute are 'to provide efficient means of assistance to foreign courts and litigants and encourage other nations to return the favor by providing similar assistance to United States courts.'") (quoting *In Re Application of Bayer AG*, 146 F.3d 188, 193 (3d Cir. 1998)).

Section 1782 reads, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).

The Supreme Court in *Intel* distilled Section 1782's language into a two-part inquiry: first, whether a district court is authorized to grant relief under the statute; and second, whether the court should grant relief in its broad discretion pursuant to four specific discretionary factors. *Intel*, 542 at 263–64; *see In Re Biomet Orthopaedics Switz. GmbH,* 742 F. App'x 690, 694 (3d Cir. 2018)

(when presented with a Section 1782(a) application, a court "first decides whether [the] statutory requirements are met, and if so, the court may then consider other discretionary factors to determine whether to grant the application"); *see also In Re Storag Etzel GmbH*, 613 F. Supp. 3d 813, 814 (D. Del. 2020).

Finally, a Section 1782 petition typically is presented and granted *ex parte* in this Circuit, to allow the applicant to serve the discovery requests. At that point, the discovery target can respond to the discovery, including by raising any objections if applicable. *In Re Mota*, 2020 U.S. Dist. LEXIS 3261, at *2 ("Discovery applications under § 1782 are often granted *ex parte* because, *inter alia*, witnesses and other recipients can 'raise[] objections and [otherwise] exercise[] their due process rights by motions to quash.'") (internal citations omitted); *see also In Re Application of O'Keeffe*, 646 F. App'x 263, 265 (3d Cir. 2016) (upholding denial of motion to quash subpoena issued pursuant to Section 1782).

## II.    The Petition Meets the Section 1782 Statutory Requirements for Relief

A district court has authority pursuant to Section 1782 to grant an application for judicial assistance if four *prima facie* requirements are met: (1) the person from whom discovery is sought resides or can be found in the district in which the petition is filed; (2) the request seeks evidence, whether the "testimony or statement" of a person or the production of "a document or other thing;" (3) the request is made "by a foreign or international tribunal" or by "any interested person;" and (4) the evidence is "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a); *In re O'Keeffe*, 646 F. App'x at 265 n.4.

As discussed below, XP Investimentos' Petition meets all of the statutory requirements, thus authorizing this Court to grant the Petition.

### A.    The Discovery Target is Found in This District

For purposes of an application pursuant to Section 1782, an entity is "found" in the judicial

district where it is incorporated or headquartered. *In Re Gilead Pharmasset LLC*, 2015 U.S. Dist. LEXIS 48720, at *4 (D. Del. Apr. 14, 2015) ("[Respondent] is incorporated under the laws of Delaware, and is therefore within the jurisdictional reach of this court."); *Via Vadis Controlling GmbH v. Skype, Inc*., 2013 U.S. Dist. LEXIS 23434, at *4 (D. Del. Feb. 21, 2013) ("Respondents concede that Skype is a Delaware corporation, and thus resides in the District of Delaware for the purposes of § 1782."); *In Re Liverpool Ltd. P'ship*, 2021 U.S. Dist. LEXIS 161565, at *2 (D. Del. Aug. 26, 2021) (Delaware corporation is found in Delaware, satisfying first prong of Section 1782).

Here, the Discovery Target is a limited liability company incorporated and organized under the laws of the State of Delaware and thus is located in this District for purposes of Section 1782. A true and correct copy of the Delaware Corporate Status page for the Discovery Target is attached hereto as **Exhibit C**. As such, XP Investimentos' Petition meets the first statutory requirement.

### B.    The Discovery Sought is Testimonial and Documentary

Petitions under Section 1782 are not requests for judicial assistance to enforce foreign judgments. Thus, a key distinction of proper petitions under Section 1782 is the type of assistance sought. Pursuant to the plain wording of the statute, Section 1782 petitions for discovery must be limited to the "testimony or statement" of a person and to the production of a "document or other thing." 28 U.S.C. § 1782(a). Through this Petition, XP Investimentos seeks only documentary and testimonial evidence, as reflected in the proposed subpoena attached hereto as **Exhibit B**. Because the statute expressly permits this type of discovery, and because XP Investimentos is not seeking any other type of judicial assistance, the Petition meets the second statutory requirement.

### C.    The Discovery is Being Sought by an "Interested Person"

The Supreme Court in *Intel* explained that "interested persons" within the meaning of Section 1782 are those with significant "participation rights in [the] proceedings." *Intel*, 542 at

250, 256.  Thus, while an applicant may lack formal "party" or "litigant" status, the party must necessarily have "significant procedural rights" in the proceedings to be considered an "interested person."  *Id*. at 255.  The Supreme Court further elaborated that the applicants in *Intel* had participation rights in the proceedings because they had the right to (1) prompt an investigation, (2) submit evidence for consideration, and (3) proceed to court for judicial review and or appeals. *Id*. at 256.  "Given these participation rights, a complainant 'possess[es] a reasonable interest in obtaining [judicial] assistance,' and therefore qualifies as an 'interested person' within any fair construction of that term." *Id*.

Here, XP Investimentos is the complainant and victim in, and the party that prompted, the Brazilian Criminal Proceedings, and has the right, under Brazilian law, to submit evidence to Brazilian authorities for their consideration and use and to act as an assistant to the prosecution in the Brazilian Criminal Proceedings.  Fragoso Dec. ¶¶ 30–32.  Further, Brazilian authorities have jurisdiction over the Brazilian Criminal Proceedings.  *Id*. at ¶ 33.  XP Investimentos is thus an "interested person" for purposes of Section 1782.  *See, e.g.*, *In re Res. Int'l Holdings CV*, 2025 U.S. Dist. LEXIS 89278, at *11 (S.D.N.Y. May 9, 2025) ("Petitioners are 'interested persons' under Section 1782 because they are claimants in the [Brazilian] Criminal Investigation[.]"); *In re Société d'Etude de Réalisation et d'Exploitation Pour Le Traitement du Mais*, 2013 U.S. Dist. LEXIS 167219, at *9 (E.D. Pa. Nov. 22, 2013) ("As the Supreme Court explained in *Intel*, the statute's 'text makes plain' that 'interested person' reaches beyond litigants to include complainants[.]"); *compare In re Ex Parte in re SPS I Fundo de Investimento de Ações*, 2022 U.S. Dist. LEXIS 198448 at *5–6 (D. Del. Nov. 1, 2022) (petitioner not a legally recognized participant in the Brazilian proceeding in question and possessed only a general right, under Brazilian law, to "provide information to public authorities" a right "that Brazilian law provides to every citizen").

XP Investimentos is the complainant in the Brazilian Criminal Proceedings and possesses formal participation rights in the same under Brazilian law. Fragoso Dec. ¶¶ 5, 30, 32. XP Investimentos' Petition thus meets the third statutory requirement.

### D.    The Discovery Sought is for use in the Brazilian Criminal Proceedings

The "for use" requirement is satisfied by showing the discovery sought is intended for use in a foreign proceeding. *See Intel*, 542 U.S. at 258. To satisfy the statutory "for use" requirement, a petitioner is not required to demonstrate that the discovery sought will be admissible or even relevant in the foreign proceeding. *See, e.g.*, *In re Petronas Azerbaijan*, 2025 U.S. Dist. LEXIS 126892, at *16 (D. Del. July 3, 2025) ("Neither the Supreme Court nor the Third Circuit have imposed any relevancy requirement on the 'for use' statutory factor."). The Third Circuit has stated that "it would contradict the express purpose of section 1782 if the American court were required to predict the actions of another country's tribunal." *In Re Bayer*, 146 F.3d at 192 (admissibility and discoverability of evidence in the foreign tribunal not controlling concerns pursuant to Section 1782) (internal quotation marks omitted). Rather, a petitioner must show simply that the discovery being sought "will be employed with some advantage or serve some use in the proceeding." *In Re Ex Parte Application of Eni S.p.A.*, 2021 U.S. Dist. LEXIS 52304, at *7 (D. Del. Mar. 19, 2021). "Courts in this district have described the 'for use' requirement as a 'low threshold.'" *In re Petronas Azerbaijan*, 2025 U.S. Dist. LEXIS 126892, at *9.

As an initial matter, the Brazilian Criminal Proceedings qualify as a foreign proceeding for purposes of Section 1782. Section 1782 makes specific reference to "criminal investigations conducted before formal accusation," 28 U.S.C. § 1782(a), and decisions in the Third Circuit and elsewhere have recognized criminal investigations as qualifying as foreign proceedings for which a party can obtain discovery under Section 1782. *See, e.g.*, *In re Société*, 2013 U.S. Dist. LEXIS 167219, at *10 ("[Petitioner] requests information so that it can . . . assist in the criminal

investigation . . . . [a]s the victim of fraud, it should be able to do so."); *In re in re Meydan Grp.*

*LLC*, 2015 U.S. Dist. LEXIS 66883, at *11 (D.N.J. May 21, 2015) (granting Section 1782 Petition

when petitioners sought discovery to further a criminal investigation in Dubai); *In re Ltda.*, 2024

U.S. Dist. LEXIS 26218, at *19 (S.D.N.Y. Feb. 14, 2024) ("Courts in this Circuit have permitted

discovery under Section 1782 for use in a criminal investigation where, as here, the petitioners

would be able to present the evidence to the relevant criminal authorities.").

     As explained above, XP Investimentos is the complainant in the Brazilian Criminal

Proceedings and has the right, pursuant to Brazilian law, to submit evidence to the relevant

Brazilian authorities for their consideration and use.  Fragoso Dec. ¶¶ 30, 32.  XP Investimentos

intends to use the requested discovery in the Brazilian Criminal Proceedings to obtain documents

and testimonial evidence relevant to the Brazilian Criminal Proceedings to further its criminal

complaint against Mr. Eggert.  *Id.* at ¶¶ 8, 34.  The discovery sought in this Petition is for that

purpose and will be presented to the Brazilian authorities in connection with the prosecution of the

Brazilian Criminal Proceedings.  *Id.* at ¶¶ 8, 30, 34–36, 38, 46.[2]

---

[2] The fact that XP Inc. and XP Investimentos have initiated a civil lawsuit against Mr. Eggert and
the Discovery Target in the Southern District of New York, and the fact that some or all of the
discovery obtained as a result of this Petition may be helpful or otherwise of use in that proceeding,
does not impair XP Investimentos' ability to satisfy this statutory requirement.  *See, e.g.*, *In re
Martinez*, 2024 U.S. Dist. LEXIS 239717, at * 10–11, 14 (S.D.N.Y. Nov. 1, 2024) (holding that
"[a]n applicant may use § 1782 discovery in other proceedings, just as he or she could in domestic
discovery . . . . Just because information may be used in both a foreign proceeding and a domestic
proceeding, an applicant does not act in bad faith by making a § 1782 discovery request," and
further finding that "[t]he Applicants here do not seek discovery for use in a *prospective* lawsuit .
. . . [t]he fact that the information can have dual purposes does not mean it cannot be considered
'for use' in the Foreign Proceedings."); *In re Associacão dos Profissionais dos Correios*, 2024
U.S. Dist. LEXIS 174066, at *11 (S.D.N.Y. Sep. 25, 2024) ("[T]he Court does not read into the
'for use' prerequisite a categorical restriction on requesting material that may also be 'for use' in
a domestic proceeding.  Accordingly, that requested material may be 'for use' in a U.S. proceeding
. . . does not mean it is not also 'for use' in the Brazilian proceeding."); *In re De Leon*, 2020 U.S.
Dist. LEXIS 13240, at *12 (S.D. Ohio Jan. 27, 2020) ("Here . . . even if the evidence sought would
also be useful in the pending case in the Central District of California, that does not limit [the
petitioner's] ability to seek the discovery in this manner.  In fact, courts have supported the notion

XP Investimentos' Petition thus meets the fourth and final statutory requirement, authorizing this Court to grant the Petition under its discretion.

## III.    The Petition Meets the Section 1782 Discretionary Factors for Relief

If the statutory requirements are met, then Section 1782 "authorizes, but does not require, a federal district court to provide assistance." *Intel*, 542 U.S. at 255.  A district court then must consider the four discretionary factors articulated by the Supreme Court in *Intel* to decide whether relief is warranted: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the Section 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is otherwise unduly intrusive or burdensome.  *Intel*, 542 U.S. at 264–65; *In Re Chevron Corp.*, 633 F.3d 153, 161–64 (3d Cir. 2011).

With the four statutory requirements met, this Court may grant XP Investimentos' Petition pursuant to its discretionary authority.  As will be discussed below, the four *Intel* discretionary factors weigh heavily in favor of granting the relief XP Investimentos requests herein.

### A.    The Discovery Target is not a Participant in the Foreign Proceedings

First, the Supreme Court held that "when the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *Intel*, 542 at 264.  This is because a "foreign tribunal has jurisdiction over those appearing before it and can itself order them to produce evidence," whereas "nonparticipants in the foreign proceeding

---

that discovery obtained through Section 1782 proceedings may be used in other cases, even within the United States.").

may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id*. The Third Circuit has held that when a target resides in the U.S. and is outside the jurisdiction and control of the foreign court, a Section 1782(a) petition is proper because the court would have no other means of obtaining the information requested. *In re Chevron*, 633 F.3d at 162 (first *Intel* factor favored the petitioner when the target was not a participant in the proceedings and apparently not subject to the foreign court's jurisdiction).

In the instant matter, the Discovery Target is not a party to the Brazilian Criminal Proceedings, nor is it expected or legally allowed to become a party to the proceedings. Fragoso Dec. ¶ 43. The Discovery Target cannot be held criminally liable for the offenses under investigation in the Brazilian Criminal Proceedings, because under Brazilian law, legal entities may be held criminally liable only for environmental crimes. *Id*. And Brazilian authorities cannot directly compel the Discovery Target to produce the requested discovery as it is located outside of the jurisdiction of the Brazilian criminal authorities presiding over the Brazilian Criminal Proceedings and the requested discovery is also located outside of Brazil. *Id*. at ¶¶ 39, 44.

The first *Intel* factor thus weighs in favor of granting XP Investimentos' Petition.

## B.    Brazilian Authorities are Receptive to Judicial Assistance

Second, the Supreme Court held that "a court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U. S. federal-court judicial assistance." *Intel*, 542 at 264. As such, the Supreme Court recognized that "[a] foreign nation may limit discovery within its domain for reasons peculiar to its own legal practices, culture, or traditions—reasons that do not necessarily signal objection to aid from United States federal courts." *Id*. at 261. Likewise, "[a] foreign tribunal's reluctance to order production of materials

present in the United States similarly may signal no resistance to the receipt of evidence gathered pursuant to § 1782(a)." *Id*. at 261–62.

With respect to determining the receptivity of a tribunal, the Third Circuit has established that the inquiry is predicated on whether the foreign court would consider the evidence revealed from a Section 1782 order, and not whether the foreign court has analogous discovery laws that would lead to production of the materials or whether particular evidence would be admissible. *In re Chevron*, 633 F.3d at 163; *In Re O'Keeffe*, 646 F. App'x at 267 (quoting *Intel*, 542 U.S. at 264); *see Via Vadis*, 2013 U.S. Dist. LEXIS 23434, at *5; *see also Eni*, 2021 U.S. Dist. LEXIS 52304, at *10.

Accordingly, parties opposing discovery under Section 1782 bear the burden of proof on this issue. *Chevron,* 633 F.3d at 162 (citing *Bayer AG*, 173 F.3d at 190). "In determining whether the foreign tribunal would take offense, the district court would be free, in the exercise of its discretion to consider any materials, typically statutes or case law from the foreign jurisdiction, that may be presented by the parties." *In Re O'Keeffe*, 646 F. App'x at 266, n.5 (quoting *In Re Bayer*, 146 F.3d at 195). Although parties usually would engage in a "battle-by-affidavit of international legal experts," it is clear that Section 1782 "does not condone speculative forays into legal territories unfamiliar to federal judges." *In re Gilead*, 2015 U.S. Dist. LEXIS 48720, at *7. "Rather, the court need only assess whether [Respondent] has satisfied its burden to show the foreign courts will not be receptive to this court's judicial assistance." *Id.*; *Eni*, 2021 U.S. Dist. LEXIS 52304, at *11–12.

As attested to by XP Investimentos' local Brazilian counsel, the evidence sought through this Petition is to be used as evidence in the prosecution of the Brazilian Criminal Proceedings. Fragoso Dec. ¶¶ 8, 30, 34–36, 38, 46. As further attested to by local Brazilian counsel, there is no

indication that the Brazilian authorities would be unresponsive to the documentary and testimonial evidence sought through the instant Petition.  *Id.* ¶ 45.  On the contrary, Brazilian authorities would welcome such evidence, particularly when, as here, it relates to criminal conduct over which Brazil has retained jurisdiction to adjudicate.  *Id.*  Moreover, several courts adjudicating Section 1782 petitions involving foreign proceedings in Brazil, including criminal investigations, have found that this second factor weighs in favor of the applicant.[3]  The second *Intel* factor thus weighs in favor of granting XP Investimentos' Petition.

### C.    This Petition Does Not Attempt to Circumvent Foreign Restrictions

Next, the Supreme Court explained that district courts "could consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States."  *Intel*, 542 U.S. at 265.  The statute imposes no requirement that the material be discoverable in the foreign country for it to be discoverable pursuant to a Section 1782 request in the United States.  *Id.* at 247; *Chevron*, 633 F.3d at 163.  Instead, a Section 1782 petition is viewed as an attempt to circumvent foreign proof-gathering restrictions when the foreign tribunal has already rejected requests for the same documents.  *In re Chevron*, 633 F.3d at 163 (denying that application was an attempt to circumvent discovery restrictions because party opposing discovery did meet its burden of demonstrating the foreign tribunal had denied such requests); *see also Eni*, 2021 U.S. Dist. LEXIS 52304, at *12 (Section 1782 petition was not an attempt to circumvent discovery rules when foreign tribunal had neither received nor denied discovery requests sought by petitioner despite respondents' contention that

---

[3] *See, e.g.*, *Res. Int'l Holdings*, 2025 U.S. Dist. LEXIS 89278, at *12 ("[T]here is no 'authoritative proof' that the Brazilian Courts would not be receptive to Section 1782 relief."); *Ltda.*, 2024 U.S. Dist. LEXIS 26218, at *21 ("This factor weighs in Petitioners' favor because '[t]here is no evidence before this Court suggesting that Brazil or Brazilian Courts are unreceptive to requests by U.S. persons for judicial assistance [and] Courts in this district recently have granted requests for section 1782 discovery for use in Brazilian proceedings.'") (quoting *Ex parte in re Abdalla*, 2021 U.S. Dist. LEXIS 9615, at *13 (S.D.N.Y. Jan. 19, 2021)).

the foreign tribunal "almost certainly would deny such a request").

XP Investimentos' local Brazilian counsel has testified that the evidence sought in this Petition does not circumvent any proof-gathering restrictions under Brazilian law or any specific orders issued in the Brazilian Criminal Proceedings.  Fragoso Dec. ¶ 46.  On the contrary, Article 5(II) of the Brazilian Constitution sets forth that no one shall be compelled to do or refrain from doing something except by force of law.  *Id*. at ¶ 45.  Hence, only an explicit law or ruling could preclude foreign discovery.  *Id*.  No such law or ruling exists.  *Id*.  Rather, Article 372 of the Brazilian Code of Civil Procedure sets forth that the judge may allow the use of evidence produced in another action.  *Id*.  at ¶¶ 45–46.

Moreover, the Brazilian authorities have not denied the information sought by XP Investimentos in the course of the Brazilian Criminal Proceedings.  Fragoso Dec.¶ 47.  On the contrary, Brazilian authorities would be receptive to depositions and the documents XP Investimentos seeks here precisely because of the difficulty of exercising Brazilian jurisdiction to obtain evidence outside of Brazil.  *Id.*  And no previous application for this specific relief has been made in the United States.  *Id.* at ¶ 50.

Absent a persuasive showing that XP Investimentos is attempting to circumvent proof-gathering restrictions (it is not), the third *Intel* factor also weighs in favor of granting XP Investimentos' Petition.

### D.    The Discovery Requests are not Unduly Intrusive or Burdensome

Lastly, the Supreme Court held that "unduly intrusive or burdensome requests may be rejected or trimmed."  *Intel*, 542 U.S. at 265.  To that end, the Supreme Court has recognized the broad range of discovery authorized under Section 1782, reasoning that that "[b]eyond shielding material safeguarded by an applicable privilege . . . nothing in the text of § 1782 limits a district court's production-order authority."  *Chevron*, 633 F.3d at 161 (quoting *Intel*, 542 U.S. at 260).

Section 1782 expressly incorporates the Federal Rules of Civil Procedure, which closely align with the fourth *Intel* factor. To that end, Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" As such, the "assessment of the fourth factor is virtually identical to the familiar 'overly burdensome' analysis that is integral to the Federal Rules." *In re Glob. Energy Horizons Corp.*, 647 F. App'x 83, 86 (3d Cir. 2016). However, to the extent relevant evidence is presumptively discoverable, the party opposing the Section 1782 petition has the burden of proving any facts warranting the denial of a particular application. *Chevron*, 633 F.3d at 162; *see also Biomet Orthopaedics*, 742 F. App'x at 699.

The discovery XP Investimentos seeks in this Petition is not unduly intrusive or burdensome. As seen in the proposed subpoena attached hereto as **Exhibit B**, the requested discovery is targeted specifically to evidence that can be employed by Brazilian authorities in furtherance of the Brazilian Criminal Proceedings against Mr. Eggert and is narrowly tailored to gather key information relating to crimes committed by Mr. Eggert under Brazilian law. Fragoso Dec. ¶¶ 36, 38, 48. XP Investimentos seeks documentary and testimonial information that should be readily available to the Discovery Target. *Id.* at ¶ 48. The documents sought are of the nature kept in the ordinary course of business of the Discovery Target and lend themselves to easy identification and production. And, as attested to by XP Investimentos' local Brazilian counsel, there is no indication that the documentary and testimonial evidence sought would be privileged. *Id.*

As a result, this Court should find that all four *Intel* factors weigh heavily in favor of granting XP Investimentos' Petition.

## IV.    This Petition Should be Granted *Ex Parte*

Section 1782 petitions typically are presented and granted *ex parte* to allow the applicant

to serve the discovery requests. *See In Re Mota*, 2020 U.S. Dist. LEXIS 3261, at *2 ("Discovery applications under § 1782 are often granted *ex parte* because, *inter alia*, witnesses and other recipients can 'raise[] objections and [otherwise] exercise[] their due process rights by motions to quash.'") (internal citations omitted); *see also O'Keeffe*, 646 F. App'x at 265 (upholding denial of motion to quash subpoena issued pursuant to Section 1782). Once served with the subpoena, the Discovery Target can respond to the discovery, including by raising any objections with this Court. Here, XP Investimentos requests that this Petition be granted *ex parte*, as is proper and in keeping with this District's regular course of practice.

## CONCLUSION

WHEREFORE, Applicant, XP Investimentos CCTVM S.A., respectfully requests that this Court enter an order granting this Petition pursuant to 28 U.S.C. § 1782, granting XP Investimentos leave to serve the Discovery Target with a subpoena substantially similar to that attached hereto as **Exhibit B**, reserving jurisdiction to grant XP Investimentos leave to serve any additional subpoenas as may be necessary to obtain the evidence described in this Petition, and granting any other and further relief as the Court deems just and proper.

Dated: July 23, 2025

OF COUNSEL:
(*pro hac vice* forthcoming)

Edward M. Mullins
Felipe Berer
Reed Smith LLP
200 South Biscayne Blvd, Suite 2600
Miami, FL 33131
(786) 747-0200
Email: emullins@reedsmith.com
Email: fberer@reedsmith.com

Respectfully submitted,

**REED SMITH LLP**

*/s/ Justin M. Forcier*
Justin M. Forcier (No. 6155)
1201 N. Market Street, Suite 1500
Wilmington, DE 19801
(302) 778-7500
Email: jforcier@reedsmith.com

*Counsel for Applicant XP Investimentos CCTVM S.A.*